IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

| | |
|---|---|
| **ROBERT TORRESDAL,** | 04-CV-954-BR |
| Plaintiff, | OPINION AND ORDER |
| v. | |
| **MICHAEL J. ASTRUE,**<br>Commissioner of Social<br>Security, | |
| Defendant. | |

**DAVID B. LOWRY**
9900 S.W. Greenburg Road
Columbia Business Center, Suite 235
Portland, OR 97223
(503) 245-6309

       Attorney for Plaintiff

**KARIN J. IMMERGUT**
United States Attorney
**BRITANNIA I. HOBBS**
Assistant United States Attorney
1000 S.W. Third Avenue, Suite 600
Portland, OR 97204-2902
(503) 727-1158

1   -   OPINION & ORDER

**MICHAEL McGAUGHRAN**
Office of the General Counsel
**TERRYE ERIN SHEA**
Special Assistant United States Attorney
Assistant Regional Counsel
701 Fifth Avenue
Suite 2900 M/S 901
Seattle, WA 98104
(206) 615-2531

       Attorneys for Defendant

**Brown, Judge.**

     This matter comes before the Court on Plaintiff's Motion for EAJA Fees (#22) pursuant to the Equal Access to Justice Act (EAJA), 28 U.S.C. § 2412.  For the following reasons, the Court **GRANTS** Plaintiff's Motion for EAJA Fees and awards attorneys' fees and costs to Plaintiff in the amount of **$4,462.88**.

## BACKGROUND

     On July 14, 2004, Plaintiff filed a Complaint in this Court in which he requested judicial review pursuant to 42 U.S.C. § 405(g) of the Commissioner's final decision that Plaintiff is not disabled and, therefore, is not entitled to supplemental security income benefits under Title XVI of the Social Security Act.  On March 28, 2005, Defendant filed a Motion to Remand for Further Administrative Proceedings pursuant to sentence four of § 405(g).  On July 6, 2005, this Court granted Defendant's Motion, and Plaintiff appealed that decision to the United States

2  -  OPINION & ORDER

Court of Appeals for the Ninth Circuit.

On October 3, 2007, the Ninth Circuit affirmed this Court's decision. The Ninth Circuit subsequently granted Plaintiff's motion to return jurisdiction over his Motion for EAJA Fees to the United States District Court of Oregon.

On December 10, 2007, Plaintiff filed his Motion for EAJA Fees in this Court. On December 17, 2007, Defendant filed a Response in which he objected to that portion of Plaintiff's Motion requesting an award for costs of $1.40 and attorneys' fees of $1,066.17 for the 6.8 hours of work incurred in preparation of Plaintiff's Response to Defendant's Motion to Remand for Further Administrative Proceedings.

## **STANDARDS**

Under the EAJA, the Court may award attorneys' fees and costs to a plaintiff's attorney in an action against the United States or any agency or official of the United States if (1) the plaintiff is the prevailing party, (2) the government has not met its burden to show that its positions during the case were substantially justified or that special circumstances make such an award unjust, and (3) the requested attorneys' fees and costs are reasonable. 28 U.S.C. § 2412(d)(1)(A). *See also Perez-Arellano v. Smith,* 279 F.3d 791, 792 (9th Cir. 2002).

A "prevailing party" is one who has been awarded relief by

the court on the merits of at least some of his claims. *Hanrahan v. Hampton,* 446 U.S. 754, 758 (1980). "Enforceable judgments and court-ordered consent decrees create 'the material alteration of the legal relationship of the parties' necessary to permit an award of attorney's fees." *Buckhannon Bd. and Care Home, Inc. v. W. Va. Dep't of Health and Human Res.,* 532 U.S. 598, 604 (2001)(internal citation omitted).

The district court has discretion to determine the reasonableness of attorneys' fees and "to deny an award, to the extent that the prevailing party during the course of the proceedings engaged in conduct which unduly and unreasonably protracted the final resolution of the matter in controversy." 28 U.S.C. § 2412(d)(1)(C). *See also Comm'r, I.N.S. v. Jean*, 496 U.S. 154, 161 (1990). To determine the reasonableness of attorneys' fees, the district court should consider "the relationship between the amount of the fee awarded and the results obtained." *Hensley v. Eckerhart*, 461 U.S. 424, 437 ((1983). "Exorbitant, unfounded, or procedurally defective fee applications . . . are matters that the district court can recognize and discount." *Jean*, 496 U.S. at 163. The district court should provide a "concise but clear explanation of its reasons for the fee award." *Hensley*, 461 U.S. at 437.

Under 28 U.S.C. § 2412(d)(2)(A), attorneys' fees available under the EAJA are capped at $125.00 per hour, with a provision

4  -  OPINION & ORDER

to adjust for cost of living annually.  *See Sorenson v. Mink*, 239 F.3d 1140, 1145 (9th Cir. 2001).  A "reasonable fee" is the product of a reasonable hourly rate multiplied by the "number of hours reasonably expended."  *Id.* (citing *Hensley*, 461 U.S. at 433).  Moreover, counsel for prevailing parties are entitled to attorneys' fees for the time spent in requesting the Court for an award of attorneys' fees and costs under the EAJA, which treats "a case as an inclusive whole, rather than as itemized line-items."  *Jean*, 496 U.S. at 162 ("Denying attorneys' fees for time spent in obtaining them would dilute the value of a fees award by forcing attorneys into extensive, uncompensated litigation in order to gain any fees.")(internal quotation and citation omitted).

## DISCUSSION

Plaintiff seeks an award of attorneys' fees and costs totaling $4,462.88, which includes attorneys' fees and costs for work performed on the present Motion.  Plaintiff's counsel included an EAJA/COLA computation with Plaintiff's Motion.  The computation reflects Plaintiff's counsel worked 24.6 hours on Plaintiff's challenge of the Commissioner's denial of benefits and four hours on Plaintiff's Motion for EAJA Fees and incurred $15.66 in costs.  Plaintiff requests an hourly rate of $125.00 adjusted for cost of living for the work his counsel performed in

5  -  OPINION & ORDER

2004, 2005, and 2008 on the basis of U.S. Department of Labor, Bureau of Labor Statistics.

In his Response to Plaintiff's Motion for EAJA Fees, Defendant concedes the Commissioner's "position in the underlying case was not substantially justified."  Defendant, therefore, does not dispute Plaintiff is the prevailing party nor does he contend "special circumstances" make the award requested by Plaintiff unjust.  Moreover, Defendant does not generally contend the attorneys' fees and costs requested by Plaintiff nor the hourly rate requested for that work are unreasonable.  Defendant, however, asserts the Court should reduce Plaintiff's request by $1067.57 for the 6.8 hours and $1.40 for costs incurred in preparing Plaintiff's Response[1] to Defendant's Motion to Remand.  Defendant maintains that portion of Plaintiff's request is unreasonable because a response to Defendant's Motion was unnecessary in light of Defendant's offer to stipulate to a remand for further administrative proceedings.

In response, Plaintiff argues the work performed and the costs incurred in preparing Plaintiff's Response to Defendant's Motion are reasonable because there was support in the record for Plaintiff's position that the Court should remand this matter for the calculation of benefits rather than for further

---

[1] Plaintiff incorrectly titled his brief in response to Defendant's Motion to Remand as a "reply."

administrative proceedings.  For example, Defendant conceded in his Motion to Remand that the Administrative Law Judge did not appropriately consider probative evidence in the record, and, in addition, evidence presented to the Appeals Council corroborated several medical opinions in the record that Plaintiff met a Listing Requirement in the Social Security regulations.

On this record, the Court concludes Plaintiff's counsel made legitimate arguments in an effort to persuade this Court to exercise its discretion to remand Plaintiff's case for the calculation of benefits rather than for further administrative proceedings.  Moreover, the Court finds the 28.6 hours of work performed by Plaintiff's counsel in this matter are reasonable under the circumstances.  *See Patterson v. Apfel*, 99 F. Supp. 2d 1212, 1214 n.2 (C.D. Cal. 2000)(citing numerous cases in which district courts award attorneys' fees for 20-50 hours of work performed in challenging denials of Social Security benefits). Accordingly, after reviewing Plaintiff's EAJA/COLA computation and in the exercise of its discretion, the Court concludes Plaintiff's request for an award of attorneys' fees and costs in the amount of $4,462.88 is reasonable.

## CONCLUSION

For these reasons, the Court **GRANTS** Plaintiff's Motion for

7  -   OPINION & ORDER

EAJA Fees (#22) and awards attorneys' fees and costs to Plaintiff in the amount of **$4,462.88**.

    IT IS SO ORDERED.

    DATED this 6th day of March, 2008.

                                                 /s/ Anna J. Brown

                                                 _____
                                               ANNA J. BROWN
                                             United States District Judge